UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FOX VALLEY HOSPITALITY, INC.,
d/b/a DOUBLETREE APPLETON,

    Plaintiff,

v.                                                  Case No. 20-C-1326

HOTEL CONNECTIONS, INC.,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Fox Valley Hospitality, Inc. filed this action for breach of contract against Defendant Hotel Connections, Inc. (HCI), based upon HCI's failure to pay hotel charges incurred under an agreement between the parties. The case falls within the Court's diversity jurisdiction under 28 U.S.C. § 1332 in that the parties are residents of different states and the amount in controversy exceeds $75,000. The case is currently before the Court on HCI's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). HCI's motion will be granted.

Fox Valley Hospitality operates the Doubletree Hotel in Appleton, Wisconsin. Compl. ¶ 8. Fox Valley and HCI entered into an agreement wherein Fox Valley agreed to provide hotel rooms and related services at a reduced rate to pilots and other contract personnel flying into and out of the airport in Appleton in exchange for prompt payment by HCI. *Id.* ¶ 9. The agreement took effect on December 1, 2019, and ran for an initial period of 36 months. Hotel Rate Agreement ¶ 8, Dkt. No. 13-1. Fox Valley was to invoice HCI on a monthly basis, with payment due 60 days after each monthly billing cycle. *Id.* ¶ 10. The agreement also contained a dispute resolution

provision under which the parties agreed that if any dispute that arose under the agreement could not be settled through direct negotiations to be followed by mediation, the parties would proceed to arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules. *Id.* ¶ 34. The agreement further provides that the arbitration shall take place in the State of Delaware and be governed by that State's laws. *Id.*

Fox Valley filed this action on August 28, 2020, less than a year after the agreement became effective, claiming that HCI allegedly failed to pay overdue invoices for the provided services. Fox Valley claimed unpaid amounts, with interest, totaling over $76,000. *Id.* ¶¶ 11–13. After HCI was served via publication in early 2021, Dkt. No. 12, the parties met and conferred on March 15, 2021, without reaching agreement, Pl.'s Resp. Br. at 3. HCI then filed this motion to dismiss for improper venue or, in the alternative, to stay the action until the arbitration is completed.

"[W]hen considering a motion to dismiss, the district court ordinarily assumes the truth of all well-pleaded allegations in the plaintiff's complaint." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 808 (7th Cir. 2016). However, when reviewing a motion to dismiss under Rule 12(b)(3), a court may consider evidence submitted with the pleadings without converting the motion into one for summary judgment. *Faulkenberg v. CB Tax Franchise Sys. LP*, 637 F.3d 801, 809–10 (7th Cir. 2011). In determining whether the venue is proper, it is appropriate for a court to look beyond the allegations of a complaint to "matters outside the pleadings to resolve factual questions pertaining to jurisdiction, process, or indispensable parties." *Deb*, 832 F.3d at 809–10.

Fox Valley's lawsuit arises out of a written agreement that includes an arbitration clause. The Seventh Circuit has held that "a motion to dismiss based on a contractual arbitration clause is appropriately 'conceptualized as an objection to venue, and hence properly raised under Rule 12(b)(3).'" *Faulkenberg*, 637 F.3d at 807(quoting *Auto. Mechs. Local 701 Welfare & Pension*

2

*Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007)). Fox Valley does not dispute that the arbitration clause is broad enough to encompass its dispute with HCI. Instead, Fox Valley argues that HCI waived, or defaulted on, its right to arbitrate the dispute by failing to initiate mediation or arbitration proceedings at an earlier date.

Fox Valley's argument finds no support in the law or facts of the case. Nothing in the agreement between the parties places the burden of seeking mediation or arbitration on HCI. Moreover, "[a] party does not waive its right to arbitrate a dispute by filing a motion to dismiss or a motion to transfer venue." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008). HCI immediately asserted the arbitration provision after Fox Valley commenced its lawsuit. Under these circumstances, there is no basis for finding HCI has waived its rights under the alternative dispute resolution provision of the agreement.

Finally, because the agreement calls for arbitration in Delaware and this Court has no authority to order arbitration outside the confines of this district, it makes no sense retain jurisdiction over the case. In the event either party wishes to enforce or challenge the arbitration award, once it is rendered, that party is free to commence a new action in an appropriate district court. Accordingly, HCI's motion to dismiss (Dkt. No. 13) will be **GRANTED**.

**SO ORDERED** at Green Bay, Wisconsin this 12th day of May, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge